**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180425-U

Order filed November 20, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0425 Circuit No. 17-CM-202 |
| | ) | |
| DOLLIE A. LAMPE, | ) ) | Honorable Jeffrey W. O'Connor, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE CARTER delivered the judgment of the court.
Presiding Justice Lytton concurred in the judgment.
Justice O'Brien specially concurred.

_____

**ORDER**

¶ 1     *Held*:  Defendant did not receive ineffective assistance of counsel where counsel did not request TASC probation at sentencing.

¶ 2     Defendant, Dollie A. Lampe, appeals her domestic battery conviction. Defendant argues that defense counsel's representation was deficient where he failed to request a term of Treatment Alternatives for Safe Communities (TASC) probation at sentencing. We affirm.

¶ 3                                        I. BACKGROUND

¶ 4        The State charged defendant with domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2016)). The matter proceeded to a jury trial.

¶ 5        At trial, Roger Lampe testified that he and defendant were married but going through a divorce. On July 22, 2017, Roger went to the residence he shared with defendant to retrieve some personal items. Roger discovered that defendant had changed the locks, and he could not enter. Roger located a police officer to accompany him back to the residence. Again, Roger unsuccessfully attempted to gain access by knocking on the door. Soon after, defendant exited the residence. When defendant reentered the home, Roger and the officer followed defendant inside. Defendant tackled Roger, pushing him into a chair. Defendant said she was going to kill Roger.

¶ 6        On cross-examination, Roger stated that he had an argument with defendant the morning prior and did not return home that night. Roger did not contact defendant to let her know he planned to return to the residence to retrieve his personal items the next morning. When Roger tried to enter the residence, defendant said, "[y]ou're not coming in. You can't come in. My lawyer says I don't have to let you in."

¶ 7        On redirect examination, Roger stated that the argument he had with defendant the morning prior to the incident occurred after defendant had returned home from a bar.

¶ 8        The officer testified that Roger approached him and indicated that he needed assistance to retrieve personal items from his residence. Once there, defendant told Roger that her attorney said she was not required to let him inside. Defendant then exited the house and reentered. Roger and the officer followed defendant inside. The officer observed defendant turn around and push Roger toward the door. Defendant eventually pushed Roger into a chair.

2

¶ 9 The jury found defendant guilty of domestic battery. The court stated to the parties, "No prior record, nobody got hurt, this was all tied up with an emotional dissolution of a marriage with *** the final order *** entered yesterday. So I'm going to suggest six months' court supervision ***." The court continued the matter for sentencing and directed the parties to research whether the offense of domestic battery may be eligible for court supervision.

¶ 10 At sentencing, the State asked the court for conditional discharge. Based on Roger's request, the State also asked that defendant complete a mental health and drug and alcohol evaluation and to complete treatment. Defense counsel responded that he believed defendant attended therapy, so the evaluation was unnecessary. Counsel reported to the court that defendant was ineligible for court supervision due to the nature of her conviction. Counsel requested a sentence of conditional discharge and no evaluation. Counsel also stated that at the time of sentencing, defendant and Roger were divorced.

¶ 11 Before pronouncing defendant's sentence, the court noted that "the problem stemmed from [Roger] wanting to show up and get some of his things, I believe." It continued saying, "It's just one of these domestic things where they got to the point where they couldn't stand each other." The court sentenced defendant to a term of conditional discharge and suggested that "everybody move on and don't worry about reconciliations." Defendant appeals.

¶ 12                                    II. ANALYSIS

¶ 13 Defendant argues that defense counsel was ineffective when he failed to request a term of TASC probation under the Alcoholism and Other Drug Abuse and Dependency Act (Act) (20 ILCS 301/1-1 *et seq.* (West 2016)). Upon review, we find that defendant did not receive ineffective assistance of counsel as he cannot demonstrate that he was prejudiced by counsel's failure to request TASC probation.

¶ 14        To challenge the effectiveness of counsel, a defendant must show: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "[W]e may dispose of an ineffective assistance of counsel claim by proceeding directly to the prejudice prong without addressing counsel's performance." *People v. Hale*, 2013 IL 113140, ¶ 17. "A defendant establishes prejudice by showing that, but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different." *People v. Houston*, 229 Ill. 2d 1, 4 (2008).

¶ 15        "If a court has reason to believe that an individual who is *** convicted of a crime suffers from alcoholism or other drug addiction and the court finds that he is eligible to make the election provided for under Section 40-5, the court shall advise the individual" that they could be eligible for TASC probation. 20 ILCS 301/40-10(a) (West 2016). If a defendant requests TASC probation, then the court shall order an examination to determine whether the defendant suffers from drug or alcohol addiction and is likely to be rehabilitated through treatment. *Id.* § 40-10(b). If the court finds from the report and any other information that a defendant suffers from alcoholism or other drug addiction and is likely to be rehabilitated through treatment, then it shall place defendant on probation and under the supervision of a designated program for treatment (TASC probation). *Id.* However, if after

> "giving consideration to the nature and circumstances of the offense and to the history, character and condition of the individual, the court is of the opinion that no significant relationship exists between the addiction or alcoholism of the

individual and the crime committed, or that his imprisonment or periodic imprisonment is necessary for the protection of the public," then the court shall not impose a sentence of TASC probation. *Id.* A defendant does not have an absolute right to TASC probation, and the court has broad discretion to deny or grant a defendant's request to participate in the treatment program. *People v. Moore*, 206 Ill. App. 3d 769, 775-76 (1990).

¶ 16    Defendant argues that she was entitled to TASC probation due to (1) her domestic battery conviction's eligibility under section 40-5; and (2) the evidence of her substance abuse disorder in the record. See 20 ILCS 301/40-5 (West 2016). While defendant's misdemeanor domestic battery conviction is not excluded from TASC probation, the record does not establish that she suffered from a qualifying substance abuse disorder. *Id.* § 40-5(b) (excluding crimes of violence from TASC probation); *id.* § 1-10 (defining "crime of violence" in terms of felony offenses).

¶ 17    Defendant points to three instances which she argues establish her substance abuse disorder: Roger testified that he had an argument the morning before the instant offense when defendant returned home from a bar, the State requested a mental health and drug and alcohol evaluation, and counsel's response to the request, that evaluation was unnecessary, derived from the fact that defendant was undergoing therapy at the time of sentencing. We find that these contentions did not support a request for TASC probation.

¶ 18    First, Roger's testimony that defendant went to a bar the day before the offense does not indicate that defendant suffered from alcoholism. An individual may visit a bar without suffering from a substance abuse disorder, and the record contains no indication that defendant drank to excess during this visit or was heavily intoxicated when she returned home. Second, defendant construes the State's request for a mental health and drug and alcohol evaluation as evidence that

5

she had a substance abuse disorder. The record fails to substantiate this contention as the State made this request at Roger's behest and without further explanation or support. Therefore, we would need to engage in impermissible speculation to determine from this request that defendant suffered from a substance abuse disorder. Third, defense counsel's response that an evaluation was unnecessary because he believed defendant was undergoing therapy at the time of sentencing did not indicate that defendant suffered from a substance abuse disorder. Defense counsel's statement is general, and due to the lack of other explanation in the record, could be attributed to a variety of different types of therapy rather than only those related to substance abuse. Therefore, this record lacks sufficient indication of a substance abuse issue to warrant a TASC evaluation, let alone the imposition of TASC probation.

¶ 19    Assuming for the sake of argument that counsel had requested a sentence of TASC probation, the court would have refused the request because defendant cannot establish a relationship between her alleged substance abuse and domestic battery conviction. 20 ILCS 301/40-10(b) (West 2016). The trial record and the court's comments clearly indicate that defendant's domestic battery conviction derived from a contentious divorce between her and Roger. The only indication of alcohol use came from Roger's testimony that he thought that defendant visited a bar the day before the altercation. However, this visit is so far removed from the altercation that any alcohol consumed during the visit would not have contributed to the one-day-later domestic battery. As the record contains no other indication that defendant's consumption of alcohol or drugs was related to the domestic battery, defendant was ineligible for TASC probation, even if counsel requested it and the court found that the record warranted a TASC evaluation. We conclude that counsel's performance was not deficient because, even if counsel had requested TASC probation, the court would not have imposed this sentence.

6

¶ 20                                    III. CONCLUSION

¶ 21            The judgment of the circuit court of Henry County is affirmed.

¶ 22            Affirmed.

¶ 23            JUSTICE O'BRIEN, specially concurring:

¶ 24            While I agree with the majority's decision to affirm defendant's conviction, I disagree with its reliance on the record to determine defendant's claim of ineffective assistance of counsel. I write separately to express my opinion that the record is insufficient to determine whether counsel's assistance was ineffective where it lacks an account of what counsel knew. As such, I would take no position on this issue.

¶ 25            Generally, a defendant must raise his claim of ineffective assistance of counsel in his direct appeal or risk forfeiting the claim. *People v. Veach*, 2017 IL 120649, ¶ 47. Despite the well-established preference that ineffective assistance of counsel claims be brought on direct appeal, some of these claims may occasionally be better suited to collateral proceedings when "the record is incomplete or inadequate for resolving the claim." *Id.* ¶ 46.

¶ 26            From my review, I would find that the record is inadequate to resolve defendant's claim of ineffective assistance of counsel and this claim is better addressed in a collateral proceeding. Defendant argues that counsel's failure to request TASC probation in her case constitutes ineffective assistance. While on its face, TASC probation appears to be a more desirable alternative than receiving a conviction for domestic battery, the record is devoid of this and any other explanation for counsel's decision. Further, the record contains no indication of what defendant told counsel or what counsel knew before the sentencing hearing. As the record is silent, I would hold that the claim is better suited for a collateral proceeding where defendant can supplement the record with evidence of her conversation or lack of conversation with counsel

about TASC probation. I would take no position on the merits of defendant's ineffective assistance claim.